UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JEFF CARPOFF,<br><br>Movant. | No.  2:20-cr-0017 DAD AC P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Movant, a federal prisoner proceeding pro se, brings a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.  ECF No. 84.  The United States filed an opposition, ECF No. 94, to which movant replied, ECF No. 97.  Movant has also filed a motion for appointment of counsel.  ECF No. 96.

I.     <u>BACKGROUND</u>

A.  <u>Overview</u>

Jeff Carpoff and his wife Paulette Carpoff sold investment opportunities in two solar energy companies they owned, which were in the business of manufacturing, leasing, and operating mobile solar generators.  Investigation by the Securities and Exchange Commission revealed extensive fraudulent securities offerings and a massive Ponzi scheme.  Search warrants related to investigation of the scheme were authorized in the Northern and Eastern Districts of California beginning in 2018.  The SEC ultimately brought a civil enforcement action against both Carpoffs, Case No. 2:20-cv-0180 DAD DB, and both of them were criminally prosecuted.

1

See ECF No. 73 (notice of related cases). Four other individuals involved with the scheme also faced civil enforcement actions and criminal prosecution, and the SEC brought several civil forfeiture actions. Id. The forfeitures involved dozens of properties and over $6.5 million in bank deposits. See Case No. 2:19-vc-0247 DAD DB, ECF No. 1 (complaint against 25 real properties); Case No. 2:10-cv-0636 DAD DB, ECF No. 1 (complaint against 14 real properties); Case No. 19-cv-0485 DAD DB, ECF No.1 (complaint against funds). The fraudulent scheme was ultimately determined to have involved an intended loss of $912,000,000.00. ECF No. 41 (Presentence Investigation Report) at 14, ¶ 45.

      B.  Charges and Plea Agreement

Jeff Carpoff was charged with one count of conspiracy to commit wire fraud (18 U.S.C. § 1349) and one count of money laundering (18 U.S.C. § 1957(a)) by Information filed on January 22, 2020. ECF No. 1. Arraignment was set for January 23 and a change of plea for January 24. ECF No. 4. On January 23, 2020, Mr. Carpoff appeared before the duty magistrate judge with retained counsel, waived indictment, and was arraigned. ECF No. 6. On January 24, 2020, he appeared before U.S. District Judge John A. Mendez and pled guilty to both counts of the Information pursuant to a written plea agreement. ECF Nos. 10 (plea agreement), 11 (minutes), 20 (transcript).

The plea agreement was a "package offer" conditioned on Paulette Carpoff pleading guilty according to the terms of her separate plea offer. ECF No. 10 at 3. The agreement stated that defendant agreed he was guilty of the charges and that the facts set forth in the Factual Basis for the plea were accurate. Id. at 2; see id. at 18-27 (factual basis). The agreement affirmed that defendant had not been threatened, pressured or coerced to plead guilty, including by his co-defendant, and that he was pleading guilty because he was in fact guilty. Id. at 3. The agreement included the voluntary forfeiture to the government of defendant's interests in enumerated assets. Id. at 6-7. The agreement included certain Guidelines stipulations. Id. at 11-14. The government stated its intention to recommend a sentence of thirty years (the statutory maximum for the offenses of conviction); defendant agreed to argue for a sentence not less than 25 years. Id. at 8, 14.

The plea agreement included a waiver of appeal and collateral attack. Id. at 15. Defendant agreed as part of the plea "to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case" as long as the sentence imposed did not exceed the 30-year statutory maximum. Id. Defendant understood "that this waiver includes… any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea[.]" Id. Additionally, regardless of sentence, defendant gave up "any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." Id.

C. Sentencing

Movant was sentenced to a thirty-year term of imprisonment and restitution in the amount of $790,602,243.78. ECF No. 53. A preliminary order of forfeiture was made final and incorporated into the judgment. Id.

D. Appeal

Movant filed a pro se notice of appeal. ECF No. 61. The Ninth Circuit affirmed the judgment, finding that movant's waiver of appeal barred his claim of sentencing error. ECF No. 79. The court noted that the parties did not dispute the knowing and voluntary nature of the waiver. Id. at 1, n.1.[1]

II. THE MOTION

Mr. Carpoff now presents six claims for collateral relief, all of which challenge the validity of his guilty plea. He claims that (1) the district judge violated Fed. R. Crim. P. 11(b)(1) by failing to inform him during the plea colloquy of the nature of the charges, and to personally ensure that movant understood them; (2) his guilty plea was not knowing and voluntary because of the court's failure to inform him of the nature of the charges; (3) the waiver of appeal and collateral attack was involuntary and thus invalid because of the Rule 11 violation; (4) appellate counsel was ineffective in failing to raise the Rule 11 violation; (5) the plea was involuntary

---

[1] The Court of Appeal did not make any findings as to the voluntariness of the waiver, it merely noted that the issue was not presented. Id. The issue which was presented was whether the sentencing claims on appeal came within the scope of the waiver. Id. at 2.

because the district judge failed to advise movant of the maximum sentence before accepting the plea; and (6) trial counsel was ineffective in failing to object to the Rule 11 violations at the change of plea hearing. ECF No. 84 at 4-9 (Grounds One through Four); ECF No. 84-1 (Ground Five); ECF No. 84-2 (Ground Six).

### III. STANDARDS FOR REVIEW UNDER 28 U.S.C. § 2255

A federal prisoner making a collateral attack on the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, the district court may grant relief if it concludes that a sentence violates the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute. Davis v. United States, 417 U.S. 333, 343-44 (1974).

The district court must grant a hearing to determine the validity of a petition brought under section 2255, unless the record conclusively shows that the prisoner is entitled to no relief. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). Relief may be summarily denied without a hearing if the motion contains no more than conclusory allegations. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also Howard, 381 F.3d at 879.

### IV. DISCUSSION

#### A. Legal Standards Governing Claims

##### 1. Voluntariness of Plea

A guilty plea is constitutionally valid to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). More specifically, a plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the

defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985). Voluntariness is determined on the basis of all the relevant circumstances. Brady, 397 U.S. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in the constitutional sense unless induced by threats, misrepresentation, or improper promises. Id. at 755. A plea qualifies as intelligent when the criminal defendant first receives "real notice of the true nature of the charges against him." Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).

### 2. Waiver of Collateral Review

A defendant may waive the statutory right to collaterally attack his sentence or conviction. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Such a waiver is valid if it was knowingly and intelligently made. United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021). Nevertheless, a waiver does not bar a claim that challenges the validity of the waiver itself. See Abarca, 985 F.2d at 1014. Therefore, a defendant's waiver does not categorically foreclose a § 2255 motion which raises a claim of ineffective assistance of counsel or involuntariness of waiver. Id.

### 3. Ineffective Assistance of Counsel

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). The proper measure of attorney performance is "reasonableness under prevailing professional norms." Id. at 688. Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. In the appellate context, petitioner must show a reasonable probability that he would have prevailed on appeal absent counsel's alleged errors. Smith v. Robbins, 528 U.S. 259, 285-286 (2000). The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697.

////

B. Analysis

In Claim Three, movant alleges that his waiver of appeal and collateral attack was involuntary. This claim is cognizable notwithstanding the waiver language in the plea agreement, see Abarca, 985 F.2d at 1014, and if meritorious would permit consideration of movant's additional claims collaterally challenging the validity of the guilty plea itself. Accordingly, the undersigned begins with Claim Three.

Movant's theory of involuntariness of the waiver, as for involuntariness of the plea, rests exclusively on alleged violations of Rule 11's procedural requirements by the judge during the plea colloquy. Movant does not allege that any extrinsic factors such as threats or coercion, or subjective factors such as impaired mental state, rendered the waiver or plea involuntary. Rather, he alleges in Claim Three that the waiver was involuntary because the district judge failed to directly inform him of the nature of the charges and personally ensure his comprehension of them. ECF No. 7, 14-16. Elsewhere in his § 2255 motion movant alleges that Rule 11 was violated by the judge's failure to advise him during the plea colloquy of the maximum sentence he faced. ECF No. 84-1. These are the only circumstances alleged to have rendered the plea and attendant waivers involuntary.

As noted above, a waiver of appeal and collateral attack is enforceable if knowingly and voluntarily made. United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021). In making this determination, a reviewing court looks "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). A district court is required to inform the defendant of the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. United States v. Lo, 839 F.3d 777, 784 (9th Cir. 2016); see also Fed. R. Crim. P. 11(b)(1)(N). Technical violations of Rule 11, however, do not invalidate a waiver if the record as a whole supports a conclusion that it was knowing and voluntary. See United States v. Ma, 290 F.3d 1002, 1005 (9th Cir. 2002) (failure of district judge to personally advise defendant of waiver during plea colloquy did not constitute plain error affecting substantial rights).

During the change of plea hearing in this case, Judge Mendez asked the prosecutor to summarize the terms of the plea agreement for the record. ECF No. 20 (transcript) at 4. The prosecutor did so. The AUSA's statement of the plea agreement's terms ended as follows:

> MR. ESPINOSA: … Your Honor, the plea agreement has a waiver of collateral attack and appeal, pursuant to which the defendant agrees to waive the right to attack his plea, his conviction or his sentence either on a direct appeal or in a collateral attack so long as this Court does not impose a sentence that exceeds the statutory maximum in this case.
>
> The defendant waives other constitutional rights as well, which the Court will cover later in this proceeding.
>
> Finally, Your Honor, the agreement binds only the defendant and the United States and not this Court.
>
> THE COURT: Mr. Carpoff, are those the essential terms of your plea agreement with the government as you understand them?
>
> THE DEFENDANT: Yes, Your Honor.

ECF No. 20 at 9-10. The court also asked defense counsel whether he was satisfied that the waiver of appeal and collateral attack was knowing and voluntary. Id. at 13. Counsel answered in the affirmative. Id.

Judge Mendez did not address Mr. Carpoff personally regarding the waiver of appeal and collateral attack as required by Rule 11(b)(1)(N).[2] However, variance from the technical requirements of Rule 11 constitutes harmless error unless substantial rights are affected. Rule 11(h). The procedure followed in this case was virtually identical to that considered by the Ninth Circuit in Ma, supra, which found that the defendant's substantial rights had not been violated by noncompliance with Rule 11(b)1)(N). In Ma as in this case, there was a written plea agreement, signed by the defendant, which contained a facially unambiguous waiver of appeal and collateral attack. In Ma as in this case, the judge asked the prosecutor to summarize the terms of the agreement, including the waiver, and asked defendant if she understood the agreement, which she affirmed. In Ma as in this case, the court continued the colloquy, directly asked the defendant the

---

[2] "Before the court accepts a plea of guilty… the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: … (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence[.]" Rule 11(b)(1).

7

usual questions going to voluntariness, and ultimately found that the plea and attendant waivers were knowing and voluntary. See Ma, 290 F.3d at 1004. The appellate court held that the prosecutor's summary of material terms did not satisfy Rule 11, which now expressly requires the court to address the defendant regarding waiver of appeal and collateral attack. Id. at 1005. However, the Ninth Circuit nonetheless held that the waiver was enforceable. Id. Applying the plain error rule,[3] the court explained:

> Because Ma did not object to this error at the Rule 11 colloquy, however, this court must review the proceeding for plain error. United States v. Vonn, 152 L. Ed. 2d 90, 122 S. Ct. 1043 (2002). A "plain error" must be clear and obvious, "highly prejudicial" and must affect "substantial rights." United States v. Olano, 507 U.S. 725, 732, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993). This court will correct the error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15, 84 L. Ed. 2d 1, 105 S. Ct. 1038 (1985).
>
> The error by the court during the Rule 11 colloquy did not constitute plain error. During the government's summary of the plea agreement's terms, the prosecutor set out the waiver provision. The district court then asked Ma if the summary comported with her understanding of the plea agreement and she responded affirmatively. The whole record is to be taken into account when considering the effect of any Rule 11 error on a defendant's substantial rights. Vonn, 122 S. Ct. at 1054-55. Even before the Rule 11 colloquy, Ma had acknowledged in writing that she read and understood the plea agreement. On these facts Ma has failed to show that the error seriously affected the fairness or integrity of her plea.

Id.

The result here is the same. Looking to the record as a whole, there is no plausible basis for a conclusion that the waiver of appeal and collateral attack was actually involuntary. Movant had signed the plea agreement and affirmed by his signature that he had read and understood it in its entirety, and voluntarily agreed to it. ECF No. 10 (plea agreement) at 17. He verbally informed the court at the change of plea hearing that he understood and accepted the terms of his plea agreement, recitation of which had included the waiver of his right to appeal or collaterally

---

[3] When a defendant fails to contemporaneously object to the trial judge's omission of an advisement required by Rule 11, any error will provide grounds for relief only if defendant satisfies the plain error rule. A reviewing court may consult the whole record when considering the effect of any error on substantial rights pursuant to Fed. R. Crim. P. 11. United States v. Vonn, 535 U.S. 55 (2002).

attack his sentence. ECF No. 20 at 4, 9-10. Defense counsel stated in open court that he was satisfied there had been a knowing and voluntary waiver of appeal and collateral review. Id. at 13. On this record, there is no basis for a finding that the technical noncompliance with Rule 11(b)(1)(N) affected the fairness or integrity of movant's plea or the voluntariness of his waiver of postconviction review. Accordingly, the waiver must be enforced and the § 2255 motion summarily denied as barred by the plea agreement.

It is unnecessary to reach the other issues presented in the § 2255 motion. The undersigned will merely note that movant's other claims fail even if considered on their merits. Judge Mendez's alleged failure to personally discuss the nature of the charges with Mr. Carpoff during the plea colloquy does not invalidate the plea under binding Supreme Court and Ninth Circuit authority. See Bradshaw v. Stumpf, 545 U.S. 175, 182-83 (2005); United States v. Peterson, 995 F.3d 1061, 1065-1066 (2021). It is enough that the plea agreement set forth the elements of the offenses and that the defendant and his lawyer confirmed they were understood.[4] Id. Similarly, the judge's failure to personally review the maximum sentence[5] cannot have amounted to more than harmless error.[6] See Rule 11(h). As to the allegations of ineffective assistance of counsel, trial counsel's failure to object to the purported Rule 11 violation(s) cannot have prejudiced Mr. Carpoff because any judicial error was harmless for the reasons already explained. Objection would not have led to a more favorable outcome for movant, it would have

---

[4] See ECF No. 10 at 9-10 (elements of offenses), 16 (counsel's representation that agreement has been discussed in full), 17 (defendant's acknowledgment that every part of agreement has been reviewed with counsel and is understood); ECF No. 20 at 14-15.

[5] Although the pleading is unclear, movant may be alleging that he was not advised of the penalty applicable to frauds related to natural disasters or affecting financial institutions. See ECF No. 84-1 at 2, 3. Movant was not charged with a fraud related to a natural disaster or affecting financial institutions. His plea agreement accurately set forth the statutory maximum sentences for the two charges presented in the Information. See ECF No. 1 (Information) at 11 (penalties).

[6] The maximum sentence was clearly specified in the plea agreement, ECF No. 10 at 10-11 & 14, and referred to at the change of plea hearing, ECF No. 20 at 8-9, 11-13. The arraignment, at which movant was advised of the maximum penalties in open court, had taken place the day before, ECF No. 6, and the penalties were attached to the Information, ECF No. 1 at 10. Accordingly, movant's substantial rights were not violated by any arguable technical violations of Rule 11. See Vonn, 535 U.S. 55; Ma, 290 F.3d at 1005.

invited correction of the error. Neither can appellate counsel's failure to raise the Rule 11 issues have prejudiced movant, because the claims cannot have succeeded in light of Vonn, 535 U.S. 55, and Ma, 290 F.3d at 1005. Absent a showing of prejudice from counsel's challenged conduct, movant's ineffective assistance of counsel claims are subject to summary dismissal even without reference to the waiver of collateral attack. See Strickland, 466 U.S. at 697.

V.      Movant's Motion for Appointment of Counsel

Mr. Carpoff filed a motion for appointment of counsel, ECF No. 97, together with his reply. There is no absolute right to appointment of counsel in § 2255 proceedings. See Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995). However, the court may appoint counsel at any stage of the case if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is mandatory pursuant to Rule 8(c) of the Rules Governing § 2255 Cases when an evidentiary hearing is required, United States v. Duarte-Higareda, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a) of the Rules Governing § 2255 Cases. Otherwise, the court must determine whether the interests of justice require the appointment of counsel. Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

For the reasons already explained, no evidentiary hearing is necessary or appropriate in this case. Movant's claims are based entirely on the record, so discovery is not needed. Accordingly, appointment of counsel is not required. Neither do the interests of justice support the appointment of counsel. The § 2255 motion was fully briefed, and movant articulated his claims well. The issues are not complex. There is no likelihood of success on the merits for the reasons explained above. Appointment of counsel for purposes of objecting to these findings and recommendations is not warranted.

## CONCLUSION

For the reasons explained above, the motion for appointment of counsel, ECF No. 97, is DENIED.

Further, IT IS HEREBY RECOMMENDED that the motion to vacate under 28 U.S.C. § 2255, ECF No. 84, be summarily DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE