UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Respondent,<br><br>      v.<br><br>JEFF CARPOFF,<br><br>           Defendant-Movant. | No. 2:20-cr-00017-DAD-AC-1<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. Nos. 84, 98) |

Movant is a federal prisoner proceeding pro se with a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 84.)  Therein, movant presents six claims for relief, all of which challenge the validity of his plea of guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  (*Id.* at 4–9; Doc. Nos. 84-1, 84-2.)  The government filed an opposition to the pending motion.  (Doc. No. 97.)

On December 12, 2024, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied.  (Doc. No. 98.)  Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service and that any reply to objections be filed within fourteen (14) days after service of the objections.  (*Id.* at 11.) Following the granting of two extensions of time to do so, on April 4, 2025, movant filed his

1

1 objections to the findings and recommendations. (Doc. No. 103.) On April 17, 2025, the
2 government filed a reply to movant's objections. (Doc. No. 104.)

3 In his objections, movant states that "[f]or the most part the Movant agrees with the
4 Magistrate['s] legal analysis" which he notes focused upon his claim that his waiver of appeal and
5 collateral attack rights was involuntary. (Doc. No. 103 at 1–2.) The remainder of the objections
6 address movant's contention that he did not understand the offense to which he was pleading
7 guilty and his complaint regarding the absence of an overt act from the charged violation of 18
8 U.S.C. § 1349. These objections do not provide any basis upon which to reject the pending
9 findings and recommendations. As appropriately explained by the magistrate judge, there is no
10 plausible basis for a conclusion that movant's waiver of his appellate and collateral attack rights
11 was not voluntarily entered in this case. (Doc. No. 98 at 6–9) (citing *United States v. Ma*, 290
12 F.3d 1002, 1005 (9th Cir. 2002)). This fully supported finding renders it unnecessary to consider
13 the other claims advanced in the pending § 2255 motion because they are barred as a result of the
14 voluntary waiver. (*Id*. at 9.) Nonetheless, the undersigned also agrees with the magistrate judge's
15 observation that even if movant's other claims were to be considered, despite his voluntary
16 waiver of his right to appeal or collaterally attack his guilty plea and sentence, they lack merit.
17 (*Id*. at 9–10.)

18 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
19 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
20 pending findings and recommendations are supported by the record and proper analysis.

21 Having concluded that the pending § 2255 motion must be denied, the court will also
22 decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the
23 denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.
24 *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28
25 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional
26 right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter,
27 agree that) the [motion] should have been resolved in a different manner or that the issues
28 presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.

For the reasons explained above:

1. The findings and recommendations issued December 12, 2024 (Doc. No. 98) are adopted in full;

2. Movant's motion to vacate and set aside his conviction and sentence brought pursuant to 28 U.S.C. § 2255 (Doc. No. 84) is denied;

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of Court is directed to close this case as well as the companion civil case No. 2:24-cv-00120-DAD.

IT IS SO ORDERED.

Dated:  **May 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3